UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOOD & WATER WATCH, INC.,<br>1616 P Street NW<br>Suite 300<br>Washington, DC 20036,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. ENVIRONMENTAL<br>PROTECTION AGENCY,<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20460,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Civil Action No. 18-1497 |

**COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF**

**I.**

**Introduction**

1. Plaintiff, Food & Water Watch, Inc. ("FWW"), brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012). Through a FOIA request, FWW sought U.S. Environmental Protection Agency ("EPA") records related to the EPA's communications with a public affairs agency and, in addition, with a particular employee of that agency. The Defendant has violated FOIA by failing to respond to the request within the statutorily prescribed time limit and is unlawfully withholding the requested information. FWW now asks the Court to enjoin the Defendant to respond to the request and produce all responsive agency records improperly withheld from the Plaintiff.

## II.

## Jurisdiction and Venue

2. The Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) (2012) and 28 U.S.C. § 1331 (2012). Venue is proper under 5 U.S.C. § 552(a)(4)(B) (2012).

## III.

## Parties

3. Based in Washington, DC, Plaintiff FWW is a national, non-profit, public interest, advocacy organization that works to ensure safe food and clean water. FWW has long advocated for transparency in government and for an EPA that proactively protects U.S. residents from corporate and industrial polluters.

4. Defendant EPA is an agency of the United States, within the meaning of 5 U.S.C. § 552(f) (2012). It has possession of, and control over, the records that FWW seeks.

## IV.

## General Allegations

5. On December 15 and 17, 2017, the New York Times (NYT) newspaper published two articles documenting how several EPA employees, who had expressed concerns about the agency's direction under the current administration or attended gatherings of support for EPA employees, were singled out and targeted by a Republican campaign-research-group attorney, Mr. Allan Blutstein. Mr. Blutstein had submitted a series of at least 20 FOIA requests in the spring of 2017 seeking the employees' email communications. Blutstein's requests typically requested any emails in which "President Trump" or EPA Administrator "Scott Pruitt" were mentioned. Mr. Blutstein had submitted at least 40 FOIA requests to EPA since the inception of the Trump administration. Many targeted employees questioned management at the EPA since

Scott Pruitt became the agency's administrator.  Mr. Blutstein indicated that that he filed the requests on his own, in an effort to try to undermine people who have been critical of policy changes at the agency.

6.   In response to several of Blutstein's requests, EPA produced a number of responsive documents within a few weeks of the requests' filing with the agency.

7.   The NYT's articles further noted that a company called Definers Public Affairs ("Definers"), a close affiliate of Blutstein's America Rising campaign research firm, had recently received a $120,000 no-bid contract with EPA to provide "media monitoring" to "keep better track of newspaper and video stories about E.P.A. operations nationwide."

8.   The next day, on December 18, 2017, FWW submitted a FOIA request to EPA seeking:

   a. Any and all contracts or agreements entered into between EPA and the Definers Public Affairs consulting firm from November 1, 2016 to date.
   b. Any and all communications between any employee, agent or representative of EPA and any employee, agent or representative of Definers Public Affairs consulting firm from November 1, 2016 to date.
   c. Any and all communications between any employee, agent or representative of EPA and Mr. Allan Blutstein from November 1, 2016 to date.
   d. Any and all internal communications between and among employees, agents or representatives of EPA regarding the Definers Public Affairs consulting firm from November 1, 2016 to date.
   e. Copies of all materials provided by EPA to Definers Public Affairs consulting firm and Mr. Allan Blutstein under any [FOIA] request from November 1, 2016 to date.

9.   After it became public, the contract between Definers and the EPA was mutually cancelled on December 19, 2017.  A May 23, 2018 Mother Jones article detailed how a group, the Project on Government Oversight, received records that detailed that the contract with Definers was signed to "directly support" Administrator Scott Pruitt and senior EPA officials with "an aggressive style of campaign-style" media monitoring.

3

10. On December 21, 2017, FWW received notice from EPA that the agency had granted FWW's fee waiver request, assigning it a request number, EPA-HQ-2018-002708. On January 5, 2018, FWW received another email from EPA indicating that Ms. Candance White would be the point of contact for the request and that FWW would be contacted again after EPA "had an opportunity to review the request fully."

11. Over the course of the next four months, FWW staff attempted to follow up with EPA on numerous occasions via email and voicemail. An email sent to Ms. White on March 7, 2018 requesting an update to our request status went unanswered, as did a voice message left with her a few days later.

12. Other voice messages left over the ensuing months have likewise been completely ignored by EPA. On May 10, 2018, EPA's FOIA Public Liaison provided FWW with a phone number for Ms. White's supervisor, Mr. Jonathan Newton. Voice messages left with Mr. Newton on May 10 and 14, 2018, requesting an update on FWW's FOIA request have also been left with no response.

13. On June 1, 2018, EPA sent FWW an email indicting that

> The Office of the Administrator has experienced a significant increase in FOIA requests since the start of this administration. As of May 7, 2018, your FOIA request, EPA-HQ-2018-002708, is currently 941 in the queue. We are processing all FOIAs within the scope of our resources, given the sharp increase in requests. If possible, we will provide you with interim releases as they become available.
>
> In fiscal year 2017, the average processing time for complex FOIA requests processed by AO was 388 working days. Using this number as instructive to estimate the time to process your request, the new estimated completion date for this FOIA is June 13, 2019.

14. The email does not indicate that there are unusual circumstances pertaining to FWW's request, indicate how the request might be limited in scope or otherwise modified, or provide an opportunity to arrange an alternative time frame for processing the request.

4

15. To date, EPA has not provided any response to FWW's FOIA request as required under the FOIA, nor has it requested that the deadlines for its response be tolled or indicated that it could not respond to the request in a timely manner due to unusual circumstances.

## V.

### First Claim for Relief

**Defendant Has Violated FOIA by Failing to Respond to FWW's Request.**

16. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-14 in the complaint as if fully set forth herein.

17. Under FOIA, "[e]ach agency, upon any request for records . . . shall. . . determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination[.]" 5 U.S.C. § 552(a)(6)(A) (20012).

18. EPA was required to respond to FWW's request no later than January 16, 2018.

19. EPA has never notified FWW of its determination regarding their request.

20. Therefore, Defendants have violated FOIA by failing respond to FWW's request.

21. The Plaintiff has effectively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) (2012) because EPA has failed to meet the applicable 20-day deadline for providing a response.

## VI.

### Second Claim for Relief

**Defendant Has Violated FOIA by Failing to Disclose Records**

**Responsive to FWW's Request.**

22. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-21 in the complaint as if fully set forth herein

23. Under FOIA "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A) (2012).

24. FWW's request reasonably described the agency records it sought and was made in accordance with EPA's rules and procedures.

25. The Defendant has effectively denied the request by failing to provide all responsive documents.

26. The Plaintiff effectively exhausted its administrative remedies under 5 U.S.C. § 552 (a)(6)(C)(i) because EPA has failed to meet the applicable 20-day deadline for providing a response.

27. There is no legal justification for Defendant to withhold the requested records.

28. Therefore, Defendant has violated FOIA by failing to disclose the requested records to the Plaintiff.

## VII.

### Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare as unlawful Defendant's failure to respond to Plaintiff's December 18, 2017 FOIA request;

B. Declare as unlawful Defendant's failure to disclose the records that Plaintiff requested on December 18, 2017;

C. Order Defendant to expeditiously provide all the records requested by Plaintiff;

D. Exercise close supervision over Defendants while they process Plaintiff's request;

E. Award Plaintiff his costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

F. Award any other relief that the Court deems just and proper.

Respectfully submitted,

/s/
ZACHARY B. CORRIGAN
(D.C. Bar No. 497557)
Food & Water Watch
1616 P Street NW
Suite 300
Washington, DC 20036
(202) 683-2451 (phone)
(202) 683-2452 (fax)
zcorrigan@fwwatch.org (e-mail)

*Attorney for Plaintiff*

Dated:  June 25, 2018